VOELL, Appellant, vs. KELLY, Respondent.

*November 4 — December 1, 1885.*

*Attorney at law: Lien upon judgment: Notice: Settlement: Fraud.*

[1. Whether an attorney has a lien upon a judgment when the cause of action was not assignable, not determined.]

2. In order to preserve the lien of an attorney upon the judgment in an action, against a settlement made in good faith, notice of his claim must be given.

3. A settlement effected by the attorney of one party with the opposite party, in the absence of the attorney of the latter, should be closely scrutinized, and will be set aside where there is any appearance of fraud or undue influence.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is fully stated in the opinion.

*A. M. Blair*, for the appellant, contended, *inter alia*, that an attorney has a lien upon a judgment obtained for his client, and that such lien is not measured by the taxable costs. If the value of his services is fixed, he has a lien for that amount; if not fixed, he has a lien for what they are reasonably worth. *Rooney v. Second Ave. R. Co.* 18 N. Y. 368; *Ward v. Syme*, 9 How. Pr. 16; *Haight v. Holcomb*, 16 id. 173; *Fox v. Fox*, 24 id. 409; *Marshall v. Meech*, 51 N. Y. 140; *Williams v. Ingersoll*, 89 id. 508; *Hall v. Ayer*, 9 Abb. Pr. 220. The lien is good without notice to anyone, except as against the defendant who in good faith pays the judgment in full to the plaintiff. *McDonald v. Napier*, 14 Ga. 89.

For the respondent there was a brief by *Duffy & McCrory*, and oral argument by *Mr. McCrory*.

COLE, C. J. The attorney for the plaintiff insists that the order denying the motion to set aside the satisfaction of the judgment herein, and for leave to issue an execution for the amount remaining unpaid on the same, should be reversed

for three reasons: (1) Because the plaintiff's attorney had a lien upon the judgment for his fees in the case, and the satisfaction was in fraud of his rights; (2) because the satisfaction was without consideration and not binding upon the plaintiff; and (3) because the satisfaction was obtained through collusion and fraud with intent to cheat the plaintiff out of a part of her judgment and her attorney out of his fees.

The action was for damages for a personal injury to the plaintiff, caused by the negligence of the defendant. The amount recovered in the circuit court was $100 damages and $45.81 costs. It appears from the affidavit of Mr. Blair (plaintiff's attorney) that he had the sole management of the action from its commencement; that the plaintiff is poor, destitute of means to carry on the suit, and before it was commenced it was mutually agreed between the plaintiff and him that he should trust her for his fees for his services until the action was determined, and take his pay out of the judgment recovered, if any, and have a lien thereon for the same; that he has never been paid nor received anything for his services. It is admitted that no notice of this lien was given to the defendant or his attorneys. The affidavits used on the motion show that the plaintiff, without any consultation with her attorney, without his knowledge even, made an agreement with the attorney of the defendant to accept in satisfaction of this judgment $68 and the costs. The judgment was satisfied of record upon the payment of this sum, less by $32 than the amount due thereon. This application to vacate the satisfaction is made as well on behalf of the plaintiff as her attorney.

As to the first ground relied on for setting aside the satisfaction, it is doubtful if the attorney has any lien upon the judgment for his fees which would prevent his client from settling and discharging it. In *Kusterer v. Beaver Dam*, 56 Wis. 471, it was held that "a party having a cause of ac-

tion, in its nature not assignable, cannot, by an agreement before judgment or verdict thereon, give his attorney any interest therein, or in the costs which would be incident to a recovery, which will survive the settlement of the cause of action." Whether a different rule should obtain where the action has gone to judgment is a point not necessarily involved in that decision. There are cases which hold "after judgment the attorney who has procured it has a lien upon it for his costs. This lien is upheld upon the theory that the services and the skill of the attorney have procured the judgment. There is then something upon which a lien can attach, and the courts uphold the lien by an extension to such cases of the principle which gives a mechanic a lien upon a valuable thing which, by his skill and labor, he has produced." *Coughlin v. N. Y. C. & H. R. R. Co.* 71 N. Y. 443, 448. We shall not stop to inquire whether this doctrine of giving the attorney a lien after judgment, but denying it before judgment, rests upon solid grounds or not; for, as we understand, it is necessary in either case in order to preserve the right against a settlement made in good faith that notice should be given, which was not done in the present case. *Courtney v. McGavock,* 23 Wis. 620. So it is doubtful if those authorities which have gone the furthest in protecting the attorney's lien would hold that it attached here. Be that as it may, upon the other grounds we think the satisfaction should be set aside, because under the circumstances it is fraudulent as to the plaintiff. Such settlements effected by an attorney on the one side with the opposing party on the other should be closely scrutinized, and should never be sanctioned where there is any appearance that undue influence was used in effecting them.

In this case the plaintiff's husband acted for or with her in making the settlement. But the affidavits conclusively show that the settlement was made by the defendant's at-

torney with them without the knowledge of her attorney, though he was near at hand and might and should have been consulted in the matter. The plaintiff says in her affidavit, in substance, that her husband informed her that one of defendant's attorneys had talked with him about settling up the matter, and said to her husband he thought the defendant would take the case to the supreme court, and if he did the plaintiff would never realize anything from the judgment, as it would take all to pay her lawyer and costs; that she would have to pay $18 to get the printing done in the case on her side before it could be heard; that this was said to induce her and her husband to believe it best for her to take what was offered by the defendant; that she was wholly unacquainted with business matters of all kinds, had not seen her attorney since the cause was tried, and did not know what to do; that defendant's attorney did not want her to say anything to her attorney about the settlement; that the matter must be attended to at once or it would be too late; that from the statements communicated to her she was led to believe, and did believe, that unless a settlement was made as proposed she would never receive anything, and she told her husband that she did not know anything about the business, and he could do what he had a mind to, but that if she had fully understood the matter, and what her rights were, she would never have consented to the settlement which was made. On all material points the statements of the plaintiff are corroborated in the affidavit of her husband.

The counter-affidavit of the attorney who acted for the defendant in making the settlement denies some of these statements. Among other things, he says he did not request that nothing should be said to plaintiff's attorney about the matter, or to any one else, how it had been settled, or as to what was going on about it during the negotiations; but, on the contrary, that the plaintiff's husband

enjoined upon him not to say anything about what the plaintiff had agreed to take to any one. Still the important fact remains admitted that the attorney made the settlement with the plaintiff, who very imperfectly understood her rights, in the absence of her attorney and without his knowledge. The plaintiff certainly had no one to advise her as to the probable fate of the suit if taken to the supreme court, or what expense she would incur by that litigation. Under the circumstances, it was the plain, professional duty of defendant's attorney to have told both her husband and plaintiff to consult her attorney in regard to the settlement. In the language of the chief justice in *Watkins v. Brant*, 46 Wis. 419, no such transaction should ever be consummated as it were *ex parte* in a lawyer's office. The defendant's attorney presumably acted without conscious bad faith in the matter; but the effect was the same,— an undue advantage was obtained over the plaintiff. And we hold that a settlement brought about in the way this was is in the nature of a fraud upon the plaintiff, and does not bind her. The remarks made by the chief justice in the case just cited, and by Mr. Justice TAYLOR in *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 326, as to what professional ethics require under such circumstances, are exceedingly appropriate to guide the conduct of attorneys in such a case.

The order of the circuit court is reversed, and the cause is remanded with directions to set aside the satisfaction of the judgment, and to grant leave to issue an execution thereon for the amount remaining unpaid.

*By the Court.*— It is so ordered.