SMELKER and another, Respondents, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Appellant.

*February 8 — February 27, 1900.*

*Attorney's lien in tort action: Enforcement after compromise between parties: Remedies: Notice.*

1. Sec. 2591a, Stats. 1898 (providing that any person having or claiming a cause of action sounding in tort or for unliquidated damages may contract with any attorney to prosecute the same and give him a lien thereon as security for his fees, and that when notice of such agreement shall have been given to the opposite party or his attorney no settlement shall be valid as against said lien), does not authorize a splitting up of a cause of action without the consent of the wrongdoer or debtor and the maintenance of an independent action by the attorney to recover his fees, but in case of a settlement between the parties without the consent of the attorney his remedy is in the original action, which he may prosecute to final judgment in his own behalf as though no settlement had been made.

2. A notice in such a case merely stating that the claimant had given the attorney a lien upon the cause of action as security for his fees is *held* insufficient to charge the person against whom the claim is made with notice of an assignment of a specific interest therein.

APPEAL from a judgment of the circuit court for Iowa county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

The complaint alleges that plaintiffs are attorneys at law; that the defendant is a railroad company; that in August, 1895, one James A. Harris, while riding on one of defendant's trains, was thrown off and injured, so as to require the amputation of both arms above the wrist; that thereafter Har-

Smelker and another vs. Chicago & Northwestern R. Co.

ris lawfully contracted with plaintiffs to bring an action against defendant for $30,000 damages on account of said accident; that plaintiffs were to receive one third of the amount recovered or received on a settlement; that plaintiffs commenced such action; that they gave defendant notice of their lien upon such cause of action; and that thereafter the defendant settled said action with Harris for $2,000, without the knowledge or consent of plaintiffs, no part of said sum having been paid to or received by them. Judgment is demanded for $1,000. The answer denies any knowledge or information sufficient to form a belief that the settlement mentioned was made without plaintiffs' consent or knowledge, or that no part of the money received by Harris had been paid to plaintiffs, and set out the settlement in full made with Harris.

The action was tried by the court, a jury having been waived. On the trial an objection that the complaint did not state a cause of action was overruled. Plaintiffs' testimony supported the allegations of the complaint, and showed that the original action had not yet been dismissed. The defendant offered no testimony. Findings were made in favor of plaintiffs and judgment entered for one third of the amount of the settlement, with interest and costs, from which the defendant has taken this appeal.

For the appellant the cause was submitted on the brief of *Fish, Cary, Upham & Black,* attorneys, and *Edward M. Hyzer,* of counsel.

For the respondents there was a brief by *Aldro Jenks* and *J. P. Smelker,* attorneys *pro se,* and oral argument by *Mr. Jenks.* They contended, *inter alia,* that an independent action can be maintained. *Larned v. Dubuque,* 86 Iowa, 166; *Parsons v. Hawley,* 92 Iowa, 175; *Winslow v. C. I. R. Co.* 71 Iowa, 197; *Lavender v. Atkins,* 20 Neb. 206; *Lamont v. W. & G. R. Co.* 2 Mackey, 502, 47 Am. Rep. 268; *Farry v. Davidson,* 44 Kan. 377; *Rind v. Hunsicker,* 24 La. Ann. 571;

*North Chicago St. R. Co. v. Ackley*, 58 Ill. App. 572; *Elliott
v. Leopard M. Co.* 52 Cal. 355; *Covington v. Bass*, 88 Tenn.
496; *Louisville & N. R. Co. v. Givens*, 13 Ky. L. Rep. 491;
*Kansas P. R. Co. v. Thacher*, 17 Kan. 92; *Smith v. C., R. I.
& P. R. Co.* 56 Iowa, 720. If the attorney is not willing
to measure his damages by the terms of the settlement he
must allege and prove the original cause of action, because
he would be seeking to recover on that cause of action. But
where he agrees to measure his damages by the agreement
of settlement he is not suing on the original cause of action
in tort, but on a new and valid cause of action on contract,
in which the original cause of action is of no importance
except as affording a sufficient consideration for the con-
tract. It is entirely immaterial whether plaintiff could have
sustained his original action or not; it is sufficient that he
in good faith commenced suit, asserting a cause of action,
and that the defendant agreed to compromise. *Read v.
Dupper*, 6 Term, 361; *Ormerod v. Tate*, 1 East, 464; *Elliott
v. Leopard M. Co.* 52 Cal. 355; *Kansas P. R. Co. v. Thacher*,
17 Kan. 92; *Smith v. C., R. I. & P. R. Co.* 56 Iowa, 720;
*Winslow v. C. I. R. Co.* 71 Iowa, 197; *North Chicago St. R.
Co. v. Ackley*, 58 Ill. App. 572; *Pleasants v. Kortrecht*, 5
Heisk. 694.

BARDEEN, J. An inspection of the complaint shows that
the plaintiffs are seeking to maintain an independent action
against defendant to enforce a lien upon a cause of action
supposed to exist in favor of their former client, Harris.
Their right, if any they have, to maintain it, is based upon
their agreement with their client that they should have one
third of the amount recovered or received on a settlement,
notice of a lien given defendant, and settlement made with-
out their consent. It is quite clear from the authorities
that, in absence of a statute, the plaintiffs would have no
lien upon a mere cause of action for unliquidated damages.

In *Kusterer v. Beaver Dam,* 56 Wis. 471, this court said that "a party having a cause of action in its nature not assignable cannot, by an agreement before judgment or verdict thereon, give his attorney any interest therein, or in costs which would be incident to a recovery, which will survive a settlement of the cause of action." In a later case, doubt was expressed whether the attorney would have a lien on a *judgment* in such cases that would prevent the client from settling or discharging it. *Voell v. Kelly,* 64 Wis. 504. It was to meet these conditions and remove the existing doubts that the legislature, in 1891, by ch. 204, now sec. 2591*a*, Stats. 1898, enacted that

"Any person having or claiming a right of action, sounding in tort or for unliquidated damages on contract, may contract with any attorney to prosecute the same and give such attorney a lien upon such cause of action as security for his fees in the conduct of such litigation; when such agreement shall be made and notice thereof given to the opposite party or his attorney no settlement or adjustment of such action shall be valid as against the lien so created, provided that such agreement for fees shall be fair and reasonable and that this section shall not be construed as changing the law in respect to champertous contracts."

It will be observed that this section gives the attorney a lien upon *the cause of action,* and provides that no settlement or adjustment of the action shall be valid if notice of such lien shall be given to the opposite party. As between the attorney and the party against whom the cause of action is claimed, the notice creates the lien. The right to acquire the lien is a privilege of which the attorney may avail himself by giving the notice required by the statute. The defendant is a stranger to the contractual relations between the attorney and client, and no right can be acquired against it, under the statute, before the required notice is given. If, before that time, it makes a *bona fide* settlement of the cause

of action with the claimant, there is nothing in existence to which the lien can attach. *Day v. Larsen*, 30 Oreg. 247.

Plaintiffs argue that, between themselves and Harris, they were the owners of one third of the cause of action, and the defendant, having notice of such agreement, was bound to respect that relation, and, having failed to do so, they may ratify the compromise and bring suit in their own names for their share, or repudiate it and proceed in the original action. In the first place, it is not shown that the defendant had any notice that plaintiffs claimed a one-third interest in the cause of action. The notice served merely states that the claimant has given them a lien upon the cause of action as security for their fees. This was undoubtedly sufficient to prevent a settlement of the cause of action so as to defeat their lien, but was not sufficient to charge the defendant with notice of an *assignment* of a specific interest in the cause of action. But, even if that were so, the law does not permit the parceling up of an entire claim or cause of action without the debtor's consent. "The debtor has a right to pay his debt *in solido*, and to refuse to be subjected to suit by several claimants; and no notice of an assignment of a part of a debt, no matter how complete in equity, as between assignor and assignee, can destroy this right of the original debtor, without his consent." *Skobis v. Ferge*, 102 Wis. 122. This doctrine applies with greater force, if possible, when it is sought to split up an unliquidated claim for damages. The statute in question does not authorize any such division, nor is there anything in the proofs that would warrant the conclusion that any such division had been assented to by defendant. Such rights as the plaintiffs have must be based upon the statute itself and their action taken in conformity to its requirements. The right to a lien being given by the statute, it cannot be enlarged beyond its terms. It is admitted that plaintiffs have done all things necessary to charge defend-

Smelker and another vs. Chicago & Northwestern R. Co.

ant with notice of their lien, as the statute requires. It is admitted that defendant has made a settlement with their client of the cause of action upon which their lien is founded. What is the result? The statute steps in, and says that "no settlement or adjustment of such action *shall be valid as against the lien so created*, provided that such agreement for fees shall be fair and reasonable." Bear in mind that no fraud, collusion, or undue influence is charged. The case rests upon the bare settlement without the plaintiffs' knowledge. Without the statute, it would not be claimed that plaintiffs would have a cause of action.

In *Howard v. Osceola*, 22 Wis. 454, the lien of an attorney who had performed services and advanced money in an action on a town order in his hands was protected, a judgment of discontinuance was reversed, and he was allowed to proceed in the action and collect his fees. The policy of the rule so laid down is to allow the attorney to prosecute whatever lien he has in the original action. This is in entire harmony with the statute in question. This statute said to the defendant, Any settlement you may make in disregard of the attorney's rights shall not be valid; that is to say, you cannot destroy the cause of action upon which an attorney has a lien of which you have notice. It shall continue to exist notwithstanding such attempted settlement. If the cause of action still exists, the lien still exists. If the cause of action has been compromised, so as to end the action, the lien is gone. Hence the attempt of attorneys to sustain *this* action leads to the incongruity of treating the cause of action as being in existence so far as their lien is concerned, and settled so far as the amount of their recovery is concerned. It is either settled or it is not settled. If plaintiffs desire to treat it as having been adjusted, that ends the controversy. If it has not been legally compromised, then they may proceed in the original action and enforce their claim. Such was the rule adopted

in a similar case in New York. *O'Brien v. Metropolitan St. R. Co.* 27 App. Div. 1. In Georgia the statute provided that "attorneys at law shall have a lien upon suits, judgments, and decrees for money, and no person shall be at liberty to satisfy such suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied," etc. [Code of 1873, § 1989.] In a case where the parties settled a pending suit without the knowledge or consent of the attorney, the latter was permitted to prosecute the suit for the recovery of his fees. *Coleman v. Ryan,* 58 Ga. 132. We may doubt the policy of the law which compels parties to litigate in court for the benefit of their attorneys after they have settled their difficulties, but we did not make the statute, and can only enforce it as written. In Kentucky the statute gives attorneys a lien upon demands for unliquidated damages. In *L. & N. R. Co. v. Givens,* 13 Ky. L. Rep. 491, the attorney was permitted to prosecute the action he had commenced in his client's name, after it had been settled, to recover his fees. No doubt many other cases may be found in the books to the same effect. We have been referred to some cases in Iowa and Kansas holding that the attorney may maintain an independent action in his own name, where there has been a settlement with an attempt to defeat his lien. The statutes of those states are so different from the one under consideration that the adjudications thereunder furnish no precedent for our guidance.

It being considered that the lien cannot exist independent of the cause of action, it follows, as a necessary corollary, that a complaint which sets up an adjustment and settlement of such cause of action furnishes no foundation upon which a judgment for the amount of such lien can rest. There being a specific provision in the statute which preserves the lien in favor of the attorneys in the action commenced, they may yet prosecute it to final judgment on their

own behalf, the same as though no settlement had been made. In so doing, it would be necessary to establish the existence of the original demand with the same certainty as though the injured party were still prosecuting, and the recovery would be based upon the actual injury shown, regardless of the attempted compromise. *Casucci v. A. & K. R. Co.* 65 Hun, 452.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.