# LUISA RIVERA

*v.*

# THE SUN LIFE ASSURANCE COMPANY OF CANADA.

San Juan, Equity, No. 999.

### APPLICATION TO CANCEL SATISFACTION.

Satisfaction of Judgment—Avoidance—Attorneys' Fees.

1. A satisfaction of judgment procured by fraud, accident, or mistake may be ordered stricken from the files, and this is particularly true when the settlement made affected the proper fees of the attorney of one of the parties and was made without his knowledge.

Judgment—Term of Court.

2. Ordinarily a court cannot alter a judgment after the closing of the term at which it was rendered; and it must be attacked generally by a bill in equity.

Attorney's Fees—Judicial Notice—Case on Appeal.

3. The court takes judicial notice of the fact that attorneys' fees constitute a part of the litigation, and that they are seldom paid in advance or otherwise secured. When a case is pending on appeal the lower court can do nothing except to preserve the corpus.

Opinion filed April 26, 1917.

*Messrs. Eugenio Benitez* and *Willis Sweet* for plaintiff.

*Mr. C. Coll y Cuchi* for defendant.

Rivera v. Sun Life Assurance Co.

HAMILTON, Judge, delivered the following opinion:

The record and evidence before the court show that this suit was brought on a policy of insurance and verdict, and judgment recovered January 30, 1914, for $5,000. Defendant appealed to the Supreme Court of the United States, which affirmed the judgment, and during the past thirty days the mandate has been received and spread upon the minutes of this court, directing execution. During the pendency of the appeal there was filed on October 28, 1914, an instrument called "release of judgment, signed by Catalina Casanova by mark, sworn to before a notary, and Angel Rivera, sworn to before the clerk of this court, the two being, respectively, mother and father of the plaintiff, who died February 27, 1914. The father and mother claim in this instrument to be the sole and universal heirs of Luisa Rivera, the plaintiff, and as co-owners they each hereby release "the Sun Life Assurance Company of the said judgment, confessing full accord and satisfaction thereof as to her (and his) interest, and pray that the said judgment be fully discharged as against the undersigned." There had also been in the files of the court for many months previously, although not marked filed, a power of attorney from the plaintiff to her attorneys in this case, contracting that they shall have a half interest in the recovery, if any. The defendant professes ignorance of this paper. Affidavits were filed at the hearing on behalf of Catalina Casanova and Angel Rivera to the effect that they did not know the contents of the so-called release when they executed it. Petitioners by their attorney now ask that the release be stricken from the files and vacation of the order of satisfaction entered upon this so-called release.

Rivera v. Sun Life Assurance Co.

1. There is no doubt that a satisfaction of judgment can be avoided by some proper proceeding. If it be a paper signed by the parties and is shown to have been procured by fraud, accident, or mistake, the court may, upon proper proof, order it stricken from the files. This would probably be true at any time. Murphy v. Flood, 2 Grant, Cas. 411; Voell v. Kelly, 64 Wis. 504, 25 N. W. 536. Particularly is this true where the settlement is made behind the back of the plaintiff's attorney, so as to affect the proper fees of the attorney. Upon such a motion affidavits may be considered in the discretion of the court.

2. The case at bar, however, is not quite so simple. A judgment satisfying the claim was entered upon the agreement, and this was at a previous term of court. Ordinarily a court cannot at a subsequent term alter a judgment of a previous term. If there is anything wrong, it must be attacked by a more formal proceeding, perhaps scire facias, but more generally by a bill in equity setting up fraud, accident, or mistake. An order of court made on due application and hearing, requiring satisfaction to be entered, is a judicial act and entitled to all the respect due a record, although it may be impeached for fraud or collusion. Mandeville v. Reynolds, 68 N. Y. 528; 23 Cyc. 1497.

3. The facts of this case show to the satisfaction of the court that the so-called release was not intended at all events to apply to the claim of the attorneys for their proper fees, which seem to be 50 per cent. The wording of the paper signed by the persons in question applies only to his and her interest, which on its face does not include the interest of the attorneys. The defendant is in no sense a bona fide purchaser as against these attorneys. The defendant in every case knows that attorneys'

fees constitute a part of the litigation, and cannot claim not to have known that fees are not paid in advance or otherwise secured. Perhaps the court may be said to know judicially that this is seldom done, especially where the client is of the station of life occupied by the plaintiff. Furthermore, the persons releasing are not satisfactorily shown to represent the deceased plaintiff. The record of the case shows that on April 13, 1914, Angel Rivera as administrator was substituted as plaintiff in the case, and not the father and mother as universal heirs. A person not a party, or what is the same thing, a person acting in a different capacity from that in which he is a party, cannot be recognized in a case, and there was the further defect that there was nothing in this court at the time of the order of satisfaction which was subject to satisfaction. The instrument upon which the satisfaction is based purports to be a release of judgment, but the judgment in question has been superseded by bond given, and the whole case was at that time not in this court, but in the Supreme Court of the United States. In such case the lower court can only make orders necessary to preserve the corpus, if there can be said to be any corpus when a supersedeas bond is given, but it cannot make any order to destroy the corpus, that is to say, for instance, to cancel the judgment. The proper place for this would be in the Supreme Court itself. The matter seems to have come up in this court in an administrative way, and apparently there being no opposition cancelation was entered as of course. It now seems that this was erroneous in that the attorneys at all events were interested, even if the plaintiff was properly advised. The whole matter now coming up upon the record, it is doubtful whether the court had jurisdiction to make the entry, and certainly would not have

made the entry had all the facts been called to the attention of the court. It seems an unnecessary hardship under these circumstances to put the plaintiff to the expense and delay of a suit in equity based upon the record facts already before the court, and the court will grant the motion, declaring that the order complained of was improvidently made, and shall be held as void and of no effect.

It follows that, there being nothing in the way, the mandate of the Supreme Court should be carried out at least so far as relates to the interest of the attorneys. The court is satisfied that they are entitled to one half the judgment, and no further evidence is needed in this behalf; but the defendant may be able to show by evidence supplementing the so-called release what its rights are as against the plaintiff upon the record. What may be the rights of the defendant as against the proper plaintiff for his interest in the judgment is not clear, and it would seem that the best course upon all the facts shown would be to enter an order requiring the defendant to show cause why execution should not issue upon the judgment as affirmed. This will be returnable upon five days' notice.

It is so ordered.