## MYERS v. MCHUGH *et al.*

1. ATTORNEY'S LIEN. The lien of an attorney on the moneys due to his client and in the hands of an adverse party is binding from the date of notice to such party, and will not be postponed to proceedings in garnishment in which notice is subsequently served.

2. VOLUNTARY PAYMENT. In an action for the purchase-money of real estate, the defendant set up a non-performance of contract on the part of the plaintiff to procure the release of the dower. A creditor of the plaintiff caused the defendant to be garnished in proper proceedings, and then by the expenditure of a sum of $100, secured a relinquishment of dower which was satisfactory to defendant, whereupon he withdrew his defense

and permitted judgment to go against him. *Held*, That in procuring the release of dower, the creditor was acting as an intermeddler, and was not entitled to compensation out of the judgment, for the sum thus expended.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 10.

THE case is this: In April, 1859, plaintiffs sold to the defendant James McHugh, a farm for the sum of $5,250. The release of Jacob's wife's dower, not being satisfactory, it was agreed that $750 of the purchase-money should be retained and placed in the hands of Timothy Sullivan, until the dower should be properly released. In August, 1861, this suit was commenced to recover the $750, alleging the relinquishment of said dower through one John W. Findley, the legal sufficiency of which is denied in the answer of McHugh. After this, and while this suit was pending, the attorneys of the plaintiffs, O'Neil and Harvey, notified McHugh that they claim an attorney's lien upon the money in his hands due to plaintiffs, to the amount of $150. Also, McHugh was garnished for $425, being the amount of a judgment obtained by Knapp, Stout & Co. against Jacob Myers. In this attitude of affairs, Knapp, Stout & Co., by paying to Mary Ann Myers, the wife of Jacob, obtained from her a relinquishment of her dower to the property sold as aforesaid, that was satisfactory to the defendant, McHugh, who thereupon withdrew his first defense to this suit, but filed a new answer, claiming of the plaintiffs costs of suit up to the date of said relinquishment, to wit, the second day of October, 1863; also stating that he had received a notice of O'Neil and Harvey's attorneys' lien for fees and had been served with notice of garnishment in favor of Knapp, Stout & Co., judgment creditors of Jacob Myers, and asked that these parties might be required to come forward and establish their several claims, to the end

that the rights of all might be duly adjusted. This was accordingly done; O'Neil and Harvey answering and setting up a claim of $150 for professional services; Knapp, Stout & Co., the amount of their garnishee claim above stated, and the costs thereof, $34.50, and the $100 paid for the release of the dower. The plaintiffs demurred to this last item, which was overruled. At the trial the Court made the following decision, and entered judgment accordingly: That plaintiff should have a judgment against McHugh for $750, and costs since the November term, 1863. The money to be paid into court and distributed as follows: *First.* The costs of suit up to the date of the release of dower, taxed $21.90; *Second.* Knapp, Stout & Co.'s judgment against Myers, including costs, $459.50; *Third.* To Knapp, Stout & Co., $100, amount paid by them for a release of dower; *Fourth.* To O'Neil and Harvey, $75; the balance to plaintiffs. From this decision the plaintiffs and O'Neil and Harvey appeal.

*John L. Harvey* for the appellants.

*Wilson and Mulkern* for the appellee.

LOWE, J.—Among the several points made by the appellants, two or three are believed to be well put, and must be sustained, namely: the allowance of a hundred dollars to Knapp, Stout & Co., being the amount paid by them to Mary Ann Myers for the relinquishment of her dower; and secondly, the priority given in the payment of the claim of said firm over that of O'Neil and Harvey out of the funds set apart for that purpose.

As it respects this latter point, it is sufficient to state that section 2708, Rev. of 1860, gives to attorneys a lien on money due to their client, and in the hands of the adverse party in an action or proceeding, in which they were employed from the time of giving notice of the lien to that

party; and inasmuch as the facts show that O'Neil & Harvey were the attorneys of the plaintiffs, and the notice of their lien to the defendant, McHugh, was prior to any service of notice of the garnishment in favor of Knapp, Stout & Co., we see no reason whatever for postponing the rights of the former to those of the latter, and it was error to do so.

In relation to the other point a bare statement of the circumstances under which Knapp, Stout & Co. paid the $100, for the purpose named, will exhibit the incorrectness of the Court's ruling. The plaintiffs had brought their suit suit against McHugh for the $750, being the balance of the purchase-money unpaid, alleging that they had procured a release of the dower above referred to. McHugh, in his answer, denied the legal sufficiency of such release; and pending the trial of this issue, and after Knapp, Stout & Co. had garnished McHugh, they, upon their own motion, and without the knowledge, consent, or procurement of the plaintiffs, paid Mary Ann Myers, the wife of Jacob Myers, $100 for another and unexceptionable release of her dower to the land purchased by McHugh, and thereupon McHugh withdrew his defense against the payment of the $750, and only asked the Court that Knapp, Stout & Co., and the attorneys aforesaid should establish the amount of their respective liens against the money in his hands due the plaintiffs. Knapp, Stout & Co., besides their garnishee debt, put in the $100 paid for the release of the dower aforesaid. This was improperly allowed them, for the reason that they were mere volunteers in this matter, acting wholly without the concurrence or knowledge of the plaintiffs, who were not only deprived thereby of the benefit of a judicial decision upon the sufficiency of the release which it was supposed they had themselves obtained from Mary Ann Myers, but are charged a premium of $100 as the price of such intermeddling with their own matters.

The law, under such circumstances, can raise no implied promise from plaintiffs to refund this $100 to Knapp, Stout & Co., and they must abide the consequences of their own voluntary act.

It would seem to follow, from the view which we have here taken of this matter, that the plaintiffs ought not to be charged with the costs of suit accruing before the date of the release of dower obtained by Knapp, Stout & Co., as it was ruled in the court below. But when we consider how largely questions of costs are left to the discretion of courts, and the different antagonistic interests which were involved in this case, and especially the doubt in which the record leaves the question whether the first release of dower was sufficient or not. We are not inclined to change the ruling in that respect, nor are we, as it respects the order allowing O'Niel and Harvey but $75 instead of $150. In the absence of any affirmative showing to the contrary, we may presume the court adjudged correctly in this particular. We give, of course, no sort of weight to the fact that the attorneys of Knapp, Stout & Co. admitted their claim against the plaintiffs to be just and true, for the reason that the admission does not come from the party who had the money to pay.

The judgment below will be reversed, with the modification herein above suggested. The cost of this appeal to be paid by Knapp, Stout & Co.