CASE 60—PETITION EQUITY—SEPTEMBER 27.

# Wood vs. Anders, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Attorneys have a lien, under the act of 1866 (*Myers' Sup.*, 685), upon claims arising on contract, express or implied, which are put in their hands for collection; and *on judgments*, recovered in actions prosecuted by them, without regard to the claim on which the action was prosecuted. But

2. Attorneys have no lien, under said statute, *before judgment, on plaintiff's claim for unliquidated damages in cases of tort;* and if such an action is compromised and adjusted by the parties, and dismissed *before judgment,* notwithstanding the objection of the attorney for the plaintiff, the defendants are not liable to plaintiff's attorney for his fee for prosecuting the action, even if they had notice of his employment and services.

L. A. WOOD,                                                 For Appellant,

CITED—

*Act of Jan. 26, 1866, Myers' Sup.*, 685.
*Story on Contracts, sec.* 183.

HAMILTON POPE,                          .                   For Appellees,

CITED—

*Myers' Supplement,* 685.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Appellant, an attorney-at-law, brought an action for one Morse, under a special contract with him to receive, as his fee therefor, a sum equal to one half the amount which might be recovered in the action against appellee, Anders, and others, for injuries inflicted on the person of said Morse.

After having, on their motion, continued said action once, the defendants therein compromised with said Morse, as is alleged, by paying him two hundred dollars, and he dismissed his action against them, notwithstanding the objections of the appellant thereto.

This action was then brought by appellant against the plaintiff and defendants in the former action, alleging that the plaintiff therein recovered and received two hundred dollars, which sum was paid by the defendants with a full knowledge that appellant was the attorney who brought said suit, and was prosecuting it; that, by the terms of his contract with Morse, he was entitled to the one half of the sum received by him from said Anders and others; and by virtue of his employment by Morse as aforesaid, he had, in law, a lien on said claim for damages against the defendants in said action. And as they paid the two hundred dollars with a knowledge of his employment as aforesaid, they are responsible to him for one hundred dollars; and for that sum he prayed judgment against them.

Anders and Sherley filed a demurrer to the petition, which was sustained, and appellant failing to amend the same, it was dismissed as to said defendants, and he has appealed.

The lien secured by the *act* of 1866 to attorneys is upon claims arising on contracts, either express or implied, which are put in their hands for collection, and on *"judgments"* recovered in actions prosecuted by attorneys, without regard to the nature of the claim on which the action was prosecuted. But we do not understand the statute as going to the extent that for a claim for unliquidated damage in cases of tort, before *judgment* is obtained, the defendant or defendants are to be made liable for the fee of the attorney of the plain-

tiff, where the parties compromise and adjust their litigation before judgment. Such cases are not embraced by the letter of the act certainly, nor does it appear from the language that such was the intention of the Legislature; and courts should not give to it a meaning and operation more comprehensive than was intended. Such an interpretation would discourage compromises, and conflict with the *divine* precept, to "agree with thine adversary quickly, while thou art in the way with him, lest at any time the adversary deliver thee to the judge," &c. Nor do we understand the common law as authorizing the relief sought.

Wherefore, the judgment is *affirmed*.