JOSIAH C. HUNT *vs.* W. S. CONRAD, Impleaded, etc.

December 22, 1891.

**False Imprisonment—Right of Action not Assignable.**—A right to recover damages for a personal tort (false imprisonment) is a mere personal right, and not assignable even after verdict, but before judgment.

**Same—Judgment—Set-Off.**— After judgment for such a cause, recovered against several defendants, one of them is entitled to have set off against such judgment another judgment which he had recovered against the plaintiff, the latter being insolvent.

Appeal by defendant W. S. Conrad from an order of the district court for Cottonwood county, *Perkins*, J., presiding, denying his motion for a set-off of the judgments considered in the opinion.

*Rea & Hubachek*, for appellant.

*Lorin Cray*, for respondent.

DICKINSON, J. In November, 1889, in an action in the district court between the parties to this appeal, Conrad recovered a judgment against Hunt for $325.03, which was docketed in the office of the clerk of the court in Cottonwood county. An execution thereon

was returned unsatisfied in August, 1890. On the 21st day of November, 1890, in an action prosecuted by said Hunt against the defendants, Conrad, Hubachek, and Barlow, to recover for false imprisonment, a verdict was rendered in favor of Hunt, and against all of said defendants, for the recovery of the sum of $150, and on the 5th day of February, 1891, judgment was entered on that verdict. Before the rendition of that judgment, but after the verdict, and on the 28th of November, 1890, the plaintiff Hunt executed a formal assignment to one Cray of his right of action, and the verdict thereon against the defendants, as well as the judgment to be entered thereon. Cray then knew of the existence of the former judgment of Conrad against Hunt, and that it was still unpaid. After judgment was rendered against the three defendants, a motion was made by the defendant Conrad that the same be set off *pro tanto* against the former judgment in his favor against Hunt. This was denied, and Conrad appealed.

The assignment to Cray did not affect the right of set-off, for the reason that nothing passed by the assignment. The right of Hunt to recover damages for a merely personal tort was personal to him. His right to recover damages for the unlawful detention of his person, and for his mental suffering or bodily pain, he could not transfer to another, nor upon his death would it have survived to his personal representatives. Such a right has not the ordinary attributes of property, and is not a subject of sale and transfer. *Comegys* v. *Vasse*, 1 Pet. 193; *Rice* v. *Stone,* 1 Allen, 566; *People* v. *Tioga C. P.*, 19 Wend. 73; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Pulver* v. *Harris,* 52 N. Y. 73; *Lawrence* v. *Martin*, 22 Cal. 173. Nor does the rendition of a verdict upon such a cause of action make it assignable. *Rice* v. *Stone, Lawrence* v. *Martin, supra; Brooks* v. *Hanford*, 15 Abb. Pr. 342. Only by the rendition of a judgment is such a personal right of action converted into a debt.

Nor does the fact that two of these defendants were in no way parties to, nor interested in, the judgment which Conrad had against Hunt, afford a sufficient reason why he should not be allowed to satisfy the judgment of Hunt by setting off against it an equal amount of his judgment against Hunt. He was entitled to enforce his judg-

ment against Hunt. On the other hand, he was liable to Hunt in the full amount of the other judgment, and he had the right to pay it. Hunt is alleged to be insolvent, and that fact is not denied. The other judgment debtors, who are also liable with Conrad, can have no reason to oppose such a motion on the part of Conrad. If the set-off is allowed, it discharges their obligation to Hunt, and places them under no obligation to Conrad; for there is no right to contribution as between wrong-doers. It makes no difference to them whether Conrad pays the judgment in money, or by offsetting his own judgment.

We think that, in view of the fact that the ordinary legal means of enforcing payment of the judgment against Hunt had been resorted to without avail, his judgment creditor was entitled to the simple remedy of having the judgment applied as a set-off in satisfaction of the judgment against himself, notwithstanding the pendency of a suit by a receiver to reach assets alleged to be hidden under a fraudulent trust.

The order is reversed, with directions to the district court to make such further order as may be necessary to effect the set-off.