

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~XXXXXXX XXXX XXXXXXXXXXXXXX~~ XX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 3, 1939

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

> Opinion No. O-666
> Re: Is a convict entitled to
> have time spent in Austin
> State Hospital counted on
> his sentence?

We acknowledge receipt of your letter dated April 20, 1939, in which you request an opinion of this Department on the above question. Your letter reads as follows:

"This inmate has several convictions against her, each for two years and all ran concurrently, the last of which was for forgery and she was sentenced by the Hays County District Court on October 7, 1932. After Mrs. Johnson was convicted in 1932, she was tried for insanity in the District Court of Travis County in Cause No. 21,394, convicted by a jury on March 8, 1935, and was sentenced to the Austin State Hospital.

"We have no record of her conviction for insanity nor of the time she spent in the Austin State Hospital, but we are advised by an attorney representing her that the records at the Austin State Hospital show she was there for a total of 3 months and 19 days when she escaped. She was re-arrested early in 1938 and was transferred to the penitentiary on February 27, 1938.

"Mrs. Johnson's attorney advises us that under the holdings of the Court of Criminal Appeals, she is entitled to have the time spent in the Austin State Hospital computed on her sentence, and if this be true she would be released from prison. Will you please advise whether we have

the right to count the time she served in the
Austin State Hospital as time served on her
sentence, in considering her eligibility for
release from prison."

Article 34 of the Penal Code of the State of Texas
provides in part that:

"NO person who becomes insane after he is found
guilty shall be punished while in such condition."

This statute is plain and unambiguous and of course
means exactly what it says.

The procedure to be followed in making effective
the provisions of the above statute in cases of insanity
after conviction is set out in Title 12, Chapter 1, of the
Code of Criminal Prodecure of Texas, Articles 921 to 928
inclusive.

Articles 921, 922, 923 and 924, in general, provide
for a trial, on the question of insanity, of the defendant who
is alleged to have become insane after his conviction, and also
set out the nature of the information required to be filed with
the judge of the court in order to obtain such a trial.

It is then provided in Article 925, that:

"Upon the trial of an issue of insanity, if
the defendant is found to be insane, all fur-
ther proceedings in the case against him shall
be suspended until he becomes sane."

The next succeeding Articles Nos. 926 and 927
provide, in general, that if the defendant is found insane
he shall be committed to the custody of the sheriff, to be
kept subject to the further orders of the County Judge, and
further provide that the County Judge shall at once take the
necessary steps to have the defendant confined in a lunatic
asylum until he becomes sane.

Then we find Article 928, as amended by Acts 1935,
which reads as follows:

"If the defendant becomes sane, he shall be
brought before the court in which he was con-
victed or before the District Court in the county
in which the defendant is located at the time he is
alleged to have become sane; and, a jury shall be
empaneled in the court before which such defendant
is brought to try the issue of his sanity; and, if
he is found to be sane, the conviction shall be

> enforced against him as if the proceedings had never been suspended." (Underscoring ours)

The word "proceedings" has been defined as "all possible steps in an action from its commencement to the execution of judgment." Green v. Board of Commissioners, 259 Pac. 635; Greenleaf v. Minneapolis Railway Company, 151 N. W. 879. The word "suspend" has been defined many times to mean "to cease temporaily from operation or activity;" "to cause to cease for a time from operation or effect;" "temporary cessation;" "to cause to cease for a time." Corpus Juris, vol. 60, p. 1190.

It is our opinion the only possible interpretation that could be given the above quoted Article 925 is, that if a defendant after conviction and sentence is adjudged to be insane his sentence and punishment thereunder is suspended until his sanity is regained. During the period of insanity, he shall not be punished by confinement in thepenitentiary as provided in the judgment of conviction and sentence, but on the contrary shall be committed to a lunatic asylum for treatment.

It will be noted that Article 928, above quoted, after providing for a trial to determine whether or not the defendant has regained his sanity reads as follows: "And, if he is found to be sane, the conviction shall be enforced against him as if the proceedings had never been suspended." We interpret this to mean that the defendant, after regaining his sanity, shall be returned to the proper authorities to be further punished in accordance with the judgment of conviction, the punishment to begin where left off when defendant was adjudged insane and further punishment temporarily suspended. As we read and interpret the above mentioned statutes it was not contemplated by the legislature that the time intervening between the date of the judgment adjudging a defendant to be insane and the date of the judgment adjudging him to have regained his sanity should be considered as punishment and credited as time spent on his sentence.

A diligent search has disclosed but two cases wherein the court has discussed the question whether or not the time which a convict, after conviction, spends in a state hospital is to be credited on his sentence. In the case of State of Minnesota v. J. H. Jorgenson, Sheriff, decided by the Supreme Court of Minnesota and reported in Vol. 62, American Law Report, page 244, it was held that where a person while serving a sentence in a county jail is duly committed to a state hospital for the insane and there confined, the time runs on his sentence while so confined in the latter institution. The court points out in this case that a state statute requires that time spent in the "state prison" or "state reformatory" shall be counted as a part of the term of his sentence and then states "this indicates a legislative policy of

considering one who has commenced serving a sentence as continuing so to serve, even though it be necessary to keep him at an institution other than the one to which he was sentenced, so long as he is so kept involuntary on his part by an under legal authority." The court construed the above mentioned statute to include persons confined in the county jail as well as those persons confined in the "State prison" or "state reformatory".

In the case of State v. Brouillette, 163 La. 46, 111 So. 491, the Supreme Court of Louisiana also held that the time spent by a convict in a public hospital should be counted as part of the sentence. The court in this case construed a Louisiana statute to hold that where a convict has been sent to the prison hospital for treatment, the time spent in the hospital should be counted on his sentence.

In the absence of similar statutes in Texas we do not think either of the above cases can properly be cited as authority for the proposition that time spent in an insane asylum should be counted as part of the sentence.

It is our opinion and you are so advised that the time spent by a convict in the state insane asylum should not be counted on his sentence.

Respectfully submitted

ATTORNEY GENERAL OF TEXAS

s/ Tom D. Rowell, Jr.

By

Tom D. Rowell
Assistant

TDR:FL-cg

APPROVED:

S/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS